1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff(s),<br>     v.<br>LEROY E. FRITTS, and<br>RODERICK ALYN PRESCOTT,<br>            Defendant(s). | No. CR 05-00216 WHA (BZ)<br><br>**ORDER SETTING RELEASE CONDITIONS** |

On August 23, 2005 this Court held a detention hearing regarding defendant Leroy E. Fritts. The government sought detention principally on the grounds that the defendant was a flight risk. The government was also concerned that he presented a danger to a potential witness. Defendant was present in custody and was represented by Deputy Public Defender David Fermino. Assistant United States Attorney Emily J. Kingston appeared for the United States. At that time and at two previous detention hearings occurring on August 12, 2005, and August 16, 2005, the court received evidence in the form of the United States' proffer, the

1

defendant's proffer and a report by the Pretrial Services Office.

Having considered the factors set forth in 18 U.S.C. Section 3142(g), I find that the government has established by a preponderance of the evidence that there is a risk that the defendant will flee but has failed to establish that there are no conditions of release which will reasonably assure defendant's appearance.  Further, I find that the government has not established by clear and convincing evidence that defendant presents a danger to the community, and that conditions of release exist which would reasonably address the government's safety concerns.  In reaching this decision, I considered the following:

1.  Defendant has no ties to this community.  Prior to his arrest, the defendant lived in a mobile home in Oregon. While defendant has an extensive family, he appears to be estranged from everyone.  No one has offered to act as his surety.

2.  Nor does defendant appear to have a place to stay in this district.  Defense counsel suggested placing the defendant in a halfway house.  I would be willing to consider that on an interim basis but that is not a long term solution.

3.  Defendant has traveled internationally. The government proffered that he had moved funds to offshore accounts as part of the charged offenses.  All this suggests that he may have the means and ability to flee.

4.  The government also proffered evidence that the

2

1  defendant is charged with witness tampering.  Those concerns
2  can be addressed by conditions of release.
3      It is therefore **ORDERED** that defendant, Leroy E. Fritts,
4  may be released on the following terms and conditions:
5      1.  A $200,000 bond secured by property of by the
6  signatures of the defendant and one or more financially
7  responsible persons;
8      2.  An appropriate residential or custodial arrangement;
9      3.  The standard conditions recommended by Pretrial
10 Services;
11     4.  The defendant shall have no contact with Kara
12 Prescott.
13     Until such a bond is executed, defendant is **ORDERED**
14 detained.  The Court further orders the defendant be
15 committed to the custody of the Attorney General for
16 confinement in a corrections facility separate, to the extent
17 practicable, from persons awaiting or serving sentences or
18 being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).
19 The Court further orders that defendant be afforded
20 reasonable opportunity for private consultation with counsel.
21 18 U.S.C. § 3142(i)(3).  The Court further orders that, on
22 further order of a court of the United States or on request
23 of an attorney for the Government, the person in charge of
24 the corrections facility in which defendant is confined
25 deliver defendant to a United States Marshal for the purpose
26 of an appearances in connection with a court proceeding.  18
27 ///
28 ///

1 | U.S.C. § 3142(i)(4).
2 |
3 | DATED:  August 25, 2005
4 |
5 | _____
  |                Bernard Zimmerman
6 |              United States Magistrate Judge
7 |
8 |
  | G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2005\FRITTS Release.ORDER.wpd
9 |

4